UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

CARLOS HUMBERTO BONILLA-GARCIA,

Defendant.

No.    2:18-CR-0172-WFN-1

ORDER DISMISSING
INDICTMENT WITH
PREJUDICE

A pretrial conference and motion hearing was held January 29, 2020. The Defendant, who is not in custody, was present and represented by Stephen Roberts, Jr., and assisted by stand-by Court-appointed interpreter Bea Rump; Assistant United States Attorney Michael Ellis represented the Government.

The Court addressed Defendant's Motion to Dismiss Indictment. ECF No. 66. As an initial matter, the Court struck the 1992 deportation from the Indictment due to the Government's failure to provide the tapes from the 1992 deportation proceedings as ordered in ECF No. 57. The Court acknowledges that the United States Attorney's Office made efforts to procure the recording, but as between the two parties, the Government is in a better position to obtain immigration tapes. The Government bears the burden of proving the deportation for the purposes of conviction. Without access to the tapes, which are in the custody of the United States government, there is no way to know whether the original deportation was legal. Failure to provide the tapes circumvents collateral attack on the deportation.

Without the 1992 deportation, the Indictment rests on the validity of the 1997 deportation. Though there is no direct evidence of ineffective assistance of counsel during the 1997 deportation proceedings, the timeline of events, Mr. Helm's carefully reasoned

ORDER - 1

opinion regarding what an effective attorney would have done in Mr. Johnson-Ortiz's position, as well as Mr. Johnson-Ortiz's later disbarment lead the inference of ineffective assistance of counsel. The Fifth Amendment due process right to effective assistance of counsel extends to aliens during deportation proceedings. *Dearinger v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). "To establish ineffective assistance of counsel in immigration proceedings in violation of the right to due process, a petitioner must show (1) that the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) prejudice." *United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014).

The events surrounding Defendant's 1997 deportation proceedings were so fundamentally unfair that he was unable to present his case. Defendant had diligently pursued an asylum claim. He retained counsel and paid his attorney a portion of the fees to pursue an asylum claim. His attorney did not file the claim, but instead withdrew. Defendant retained another attorney, Mr. Johnson-Ortiz. On the same day that Mr. Johnson-Ortiz entered a notice of appearance, he appeared on behalf of Defendant at a deportation hearing. In light of Mr. Johnson-Ortiz's recent arrival to the case, the immigration judge extended Defendant's time to file an asylum claim and scheduled a follow up hearing.

Rather than taking advantage of the extended deadline, Mr. Johnson-Ortiz left the room to ostensibly discuss matters with his client. He returned after two minutes, went back on the record, and told the immigration judge that Mr. Bonilla waived any rights he had and agreed to deportation. There is no indication on the record that Mr. Bonilla had even reentered the courtroom, let alone evidence that this supposed waiver was done knowingly by Mr. Bonilla or that he knew he was forgoing his opportunity to pursue asylum or voluntary departure. The immigration judge did not confirm the waiver with Defendant despite the abrupt change in position. Nor is there any indication on the record that Defendant was informed of possible avenues of relief. Mr. Helms opines that the two-minute period of time that Mr. Johnson-Ortiz visited with his client was insufficient to address multiple avenues of relief open to Mr. Bonilla and to make a knowing waiver. ECF

No. 73, Exhibit G, pg. 54. Notably, Mr. Bonilla's sister-in-law would have soon been in a position to sponsor Mr. Bonilla for citizenship, so advising a client to accept a final deportation order was extremely poor advice. *Id* at 55.

The Court acknowledges that the record leaves open many unknowns. The Government asks the Court to presume competence where the record is incomplete. However, the case for ineffective assistance of counsel is buoyed by the fact that Mr. Johnson-Ortiz later abandoned hundreds of clients when he fled to Chile, then was disbarred for his misconduct and what amounts to ineffective assistance of counsel. The disciplinary notice suggests that Mr. Johnson-Ortiz's slapdash approach to Mr. Bonilla's case was his customary approach to practice. Aliens subject to immigration proceedings are particularly vulnerable to malfeasance. Poverty, the looming threat of deportation, and frequently evolving immigration laws force aliens to be particularly dependent upon their counsel. A deported alien has no recourse to address ineffective assistance of counsel even if it is the ineffective assistance that caused their deportation.

Having concluded that the 1997 deportation proceedings were fundamentally unfair, the Court turns to whether Defendant suffered prejudice. The Court concludes that he did. "A lawyer provides constitutionally deficient representation in immigration proceedings by failing to file a necessary application or appeal." *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 979 (9th Cir. 2007). "The failure to file a necessary document creates a presumption of prejudice. This presumption is rebutted when the petitioner lacks plausible grounds for relief." *Id.* Failure to take advantage of the extension of the asylum deadline and file the application for asylum as well as failing to pursue voluntary departure created the presumption of prejudice. The situation in Honduras as well as Mr. Bonilla's personal history suggests that asylum provided a plausible avenue for relief. Further, Mr. Bonilla remained statutorily eligible for voluntary removal and some equities weighed in his favor. Absent a successful asylum claim, Mr. Bonilla had a plausible claim for voluntary departure.

Defendant successfully demonstrated that his underlying deportation proceedings in 1997 were fundamentally unfair and that he suffered prejudice as a result. The Government

cannot predicate a § 1326 charge on the 1997 deportation. As neither the 1992 nor the 1997 deportation support a conviction pursuant to § 1326, the Indictment must be dismissed. The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1.   Defendant's Motion to Dismiss Indictment, filed January 10, 2020, **ECF No. 66**, is **GRANTED**.

2.   The Indictment is **DISMISSED WITH PREJUDICE.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 3rd day of February, 2020.

01-30-20

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE